IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---------------------------------------------------- :
UNITED STATES OF AMERICA : CASE NO. 1: 06 CR 367
:
Plaintiff :
: ORDER DENYING DEFENDANT
-vs- : FAWAZ DAMRA'S MOTION TO
: DISMISS PURSUANT TO FED. R.
: CRIM. P. 48 (b).
FAYEZ DAMRA, aka Alex Damra, and :
FAWAZ DAMRA, :
:
Defendants, :
---------------------------------------------------- 

UNITED STATES DISTRICT JUDGE LESLEY WELLS

On 12 January 2007, defendant Fawaz Damra motioned the Court for a dismissal of his indictment in this federal criminal tax case pursuant to Fed. R. Crim. P. 48(b). (Docket No. 43). The government opposes Fawaz Damra's motion to which the defendant has replied. (Docket No. 44, 45). For the reasons indicated the Court will deny Fawaz Damra's Rule 48(b) motion to dismiss.

On 2 January 2007 Fawaz Damra was deported by Immigration and Customs Enforcement ("ICE") to the West Bank, by way of Jordan, pursuant to his request following his previous conviction for unlawfully obtaining citizenship.  News reports suggest, and his attorney reports that, Fawaz Damra was taken into custody by Israeli security services and is currently in Kishon Prison in Israel.

Fawaz Damra maintains that Rule 48(b) necessitates dismissal of the above-styled criminal tax fraud matter because of the unnecessary delay presumptively brought about by his current circumstances.  Fawaz Damra argues that Rule 48(b), which the Advisory Committee Notes describe as "a restatement of the inherent power of the court to dismiss a case for want of prosecution," constitutes an independent ground on which the Court may dismiss the indictment against him.  Fawaz Damra relies upon decisions in several circuits for the proposition that Rule 48(b) requires a dismissal upon a showing of "unnecessary delay."  See United States v. Clay, 481 F.2d 133, 135 (7th Cir. 1973); Hodges v. United States, 408 F. 2d 543 (8th Cir. 1969); United States v. Sears, Roebuck and Co., 877 F. 2d 734, 737-38 (9th Cir. 1989).

The government maintains that the fact of Fawaz Damra's deportation should not trigger a dismissal of the instant indictment on the merits.  The government contends that had Fawaz Damra been deported prior to his indictment in this case, he would still have been indicted and the government would then have sought an arrest warrant for failure to appear to answer the indictment.  In response to Fawaz Damra's motion to dismiss with prejudice, the government asks the Court to instead issue an arrest warrant which would then be lodged with the National Crime Information Center as an additional protection against Fawaz Damra's future re-entry into the United States.

Such a warrant would address the government's concern that Fawaz Damra be held accountable upon possible re-entry and, further, that he not receive the benefit of what would effectively be an adjudication of this criminal tax case on the merits, a Rule 48(b) dismissal with prejudice.  See United States v. Pancarte-Alvarez, 366 F.3d 1058, 1063 (9th Cir. 2004).  The government is effectively arguing that Fawaz Damra's request would bequeath to him a collateral benefit from his deportation in dismissing any future adjudication of this case.

In pertinent part, Rule 48(b) directs that a court "may dismiss an indictment, information, or complaint if unnecessary delay occurs in . . . bringing a defendant to trial." Fed. R. Crim. P. 48(b).  On its face, the rule is simply inapplicable to the instant indictment as it is currently postured.  On 9 November 2006 the Court granted Fawaz Damra's Motion to Continue in this criminal tax matter and the Court continues to work with co-defendant Alex Damra on the separate issue of his own representation.  (Docket Nos. 37, 39).  No "unnecessary delay" exists.

In addition, none of the cases relied upon by Fawaz Damra support the application of Criminal Rule 48(b) to the instant matter.  In United States v. Clay, supra, the Court found unnecessary delay where there was an eight-month delay between arrest and indictment.  In Hodges v. United States, supra, the Court found unnecessary delay in a seventeen-month interval between indictment and trial.  In United States v. Mark II Electronics of Louisiana, Inc., 283 F. Supp 280 (E.D. La. 1968), the Court found unnecessary delay in a case with no reported activity after the indictment until a status conference was convened 34 months later.

3

Accordingly, the Court will deny Fawaz Damra's Motion to Dismiss pursuant to Criminal Rule 48(b).  In concert with this finding, the Court will also deny Fawaz Damra's request for discovery and oral hearing on the issue.

IT IS SO ORDERED.

    /s/Lesley Wells
UNITED STATES DISTRICT JUDGE

Dated: <u>22 January 2007</u>